*1115 OPINION.
Arundell:
In computing the amount of profit realized by petitioner in 1925 on the sale of lots in the Alta Terra subdivision the respondent determined that the amounts due from the purchasers had a value of $5,726.74, and increased the gain reported by the petitioner in that amount. The parties are in agreement as to the cost, the number of lots sold, and the amount received in cash on their sale. The sole issue as it relates to these sales is whether or not the deferred payments had a fair market value. The evidence satisfies us that they did not. There was no market for the paper, it was not acceptable as collateral for a loan, nor could it be otherwise realized on. The Alta Terra development was one of the typical Florida land exploitations and with the collapse of the boom in 1925 the lots did not have a value equal to the amount of the deferred payments. In fact, the evidence is that the lots did not have a value warranting the expense incident to clearing ’ title thereto. On this issue the respondent is reversed. C. L. Starr, 9 B. T. A. 886; Miami Beach Improvement Co., 14 B. T. A. 10; Woodmar Realty Co., 17 B. T. A. 88.
Concurrently with the purchase of the High Pines tract, the petitioner agreed to pay any expense incurred by F. J. Ravlin and his wife in clearing their title to the 20 acres in return for a deed to such property. The acreage not conveyed to petitioner was developed as part of the whole tract and the subdivision was placed on the market and lots in other sections of the subdivision were actually sold with the express or implied understanding that the petitioner would acquire ownership of the remaining blocks. After the petitioner paid the costs incurred by the Ravlins in reacquiring *1116 clear title to the land, the petitioner, owing to pending and prospective suits affecting its property, concluded that it was inadvisable to take immediate delivery of a deed. The Ravlins, however, are still obligated to convey title to the land to petitioner, it never having waived its right to receive a deed to the acreage. The amounts paid out by the petitioner are capital expenditures, not ordinary and necessary business expenses, and should be treated as such by adding them to the cost of the subdivision. See S. O. Thompson, 9 B. T. A. 1342; and Chestnut Farms Dairy, 19 B. T. A. 192.
The facts do not warrant a disturbance of the respondent’s determination that petitioner’s automobiles should be depreciated at the rate of 25 per cent per annum.

Decision will he entered under Rule 50.